IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01198-PAB

RACHEL A. HESTER,

    Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

    Defendant.

## ORDER

This matter comes before the Court upon plaintiff's motion to remand [Docket No. 4]. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

Plaintiff initiated this action in the District Court for Denver County, Colorado on April 14, 2010. In her complaint [Docket No. 1-7], plaintiff alleges that, in February 2008, she needed to have a discogram performed by her physicians. At the time, plaintiff was covered under an insurance policy issued by defendant Aetna Life Insurance Company ("Aetna"). Aetna refused to cover the cost of the discogram, and plaintiff paid for one on her own. Plaintiff contends that she provided information to Aetna showing that the discogram was reasonable and necessary and that Aetna denied her successive appeals.

In her first claim for relief, plaintiff alleges that Aetna breached its insurance contract with her by refusing to cover the discogram. Plaintiff's second claim for relief

alleges that Aetna unreasonably denied her claim and is, thus, liable pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. In her third claim for relief, plaintiff alleges in the alternative that, in the event the Court concludes that her state law claims are preempted, she is entitled to enforce the provisions of her insurance plan pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1182(a)(1)(B).

## II. DISCUSSION

Defendant removed this action to this Court on May 24, 2010 pursuant to 28 U.S.C. § 1441, invoking 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendant contends that plaintiff's state law claims are subject to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1182(a)(1)(B), and therefore are preempted.

"ERISA includes expansive pre-emption provisions which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citations omitted). The purpose of those provisions is to ensure a uniform regulatory scheme. *See id*. Consequently, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209.

Plaintiff seeks a remand of the case, arguing that ERISA does not preempt her claim brought pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. Plaintiff,

however, has alleged that she is entitled to sue pursuant to Section 502(a)(1)(B) of ERISA, *see* Docket No. 1-7 at 3, ¶ 19,[1] and does not dispute defendant's contention that her breach of contract claim "complain[s] . . . about denials of coverage promised under the terms of [an] ERISA-regulated employee benefit plan[]." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). As a result, plaintiff's common law claim for breach of contract is converted into "one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987).

Furthermore, plaintiff does not refute defendant's argument that this Court could exercise supplemental jurisdiction over her state statutory claim regardless of whether the claim is preempted by ERISA. *See* 28 U.S.C. § 1367(a). Instead, plaintiff contends that remand is appropriate because the "core issues of this case are the double damages claims pursuant to C[olo]. R[ev]. S[tat]. §§ 10-3-1115 and 1116." Docket No. 6 at 3. She further expresses her willingness to "amend her Complaint to more accurately reflect this." *Id.* However, plaintiff has not filed a motion to amend, and the Local Rules in this District are clear that a "motion shall not be included in a response or reply to the original motion," but rather "shall be made in a separate paper." D.C.COLO.LCivR 7.1.C; *see Calderon v. Kansas Dep't of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed.R.Civ.P. 7(b) and have held that normally a court need not grant leave to amend

---

[1] Although plaintiff's ERISA claim is pled in the alternative, it is contingent on the Court's determination of the legal question of preemption. The complaint clearly avers her entitlement to proceed pursuant to ERISA, incorporating all the allegations of her complaint.

when a party fails to file a formal motion."). In any event, plaintiff does not explain how the abandonment of her now-federal claim would alter the analysis of whether this case was properly removed by defendant pursuant to 28 U.S.C. § 1441, the sole question before the Court on this motion.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion to remand [Docket No. 4] is DENIED.

DATED December 14, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge